IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOHN ANTHONY ECHOLS, JR., Defendant. | Case No. CR07-0108 ORDER FOR PRETRIAL DETENTION |

On the 12th day of December, 2007, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Stephanie Rose. The Defendant appeared personally and was represented by Attorney Raphael Scheetz.

### RELEVANT FACTS

On December 11, 2007, Defendant John Anthony Echols, Jr. was charged by Indictment (docket number 2) with three counts of distribution of crack cocaine, one count of distribution of powder cocaine, and one count of possession with intent to distribute crack cocaine. The Defendant entered a plea of not guilty and trial is scheduled on February 4, 2008, before Chief Judge Linda R. Reade.

Cedar Rapids Police Officer Nathan Juilfs, who is currently assigned to the DEA Task Force, testified regarding three controlled buys of narcotics from Defendant. According to Juilfs, the transactions occurred at the end of July and early August.[1] Juilfs testified that the purchases were set up by recorded phone calls between a confidential informant ("CI") and Defendant. The transactions were conducted by the CI and an

---

[1]A review of the Indictment suggests that the transactions occurred on July 26, 2007, July 30, 2007, and August 2, 2007.

1

undercover officer. According to Juilfs, the buys were "recorded, monitored, and photographed."

On August 6, 2007, a Search Warrant was executed at a home occupied by Defendant. In the basement of the home--where Defendant was located at the time of the search--officers found crack cocaine, a scale, and baggies used to package controlled substances. Defendant was *Mirandized* and admitted using narcotics. When officers asked about the sale of controlled substances, Defendant responded "You got me" and asked for a lawyer. At that time, all further interrogation ceased.

According to the Pretrial Services Report, Defendant is twenty-four years old. Originally from Chicago, Defendant lived in Cedar Rapids from August 2006 to August 2007. While he has never been married, Defendant has one son who lives with the child's mother in Cedar Rapids. Defendant does not appear to have any other family in this area.

As an adult, Defendant has four convictions for possession of a controlled substance, five convictions for interference with official acts, two convictions for criminal mischief, and one conviction for criminal trespass to a vehicle. In 2002, Defendant was charged in Linn County with "gathering for use of drugs" and in 2003 he was charged with possession of a controlled substance, third or subsequent offense. It would appear that prosecution of those charges was delayed, however, when Defendant was arrested in Illinois later in 2003 and charged with attempted murder. On June 15, 2005, Defendant was sentenced on the attempted murder charge to 764 days in prison, with credit for time served. He was apparently then returned to Iowa, where he was sentenced on August 29, 2005, to two separate five-year suspended prison terms. Since that time, he has been found in violation of his probation on three occasions, required to live in a half-way house, and sentenced to additional jail time.

Following execution of the search warrant on August 6, 2007, Defendant was arrested on a state warrant for probation violation.[2] Defendant has been in state custody

---

[2]Defendant was on probation at the time of the incidents which give rise to the instant charges.

since that time. The state probation revocation hearing is scheduled in Linn County on February 11, 2008.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant was charged with three counts of distribution of crack cocaine, one count of distribution of powder cocaine, and one count of possession with intent to distribute crack cocaine. Each of these charges establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. Defendant did not proffer any testimony in an effort to rebut the presumption found in 18 U.S.C. § 3142(e).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community

if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (December 10, 2007) to the filing of this Ruling (December 12, 2007) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 12th day of December, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA