# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR07-0108 |
| vs. | RULING ON MOTION TO SET ASIDE SECTION 851 NOTICE |
| JOHN ANTHONY ECHOLS, JR., | |
| Defendant. | |

## I. INTRODUCTION

On the 10th day of January, 2008, this matter came on for hearing on the Motion to Set Aside Section 851 Notice (docket number 17) filed by Defendant on January 4, 2008. The Government was represented by Special Assistant United States Attorney Chadwicke L. Groover. Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## II. BACKGROUND FACTS AND PROCEEDINGS

On December 11, 2007, Defendant was charged by Indictment (docket number 2) with four counts of distribution of crack cocaine, and one count of possession of crack cocaine with intent to distribute. All five counts of the Indictment include notice pursuant to 21 U.S.C. § 851 that the Government planned to use a prior felony drug conviction to enhance Defendant's sentence if convicted. Specifically, each count of the Indictment provided the following:

> Further, JOHN ANTHONY ECHOLS, JR., committed said violation after having been previously convicted of one or more felony drug offenses, to wit:
>
> On August 26, 2005, JOHN ANTHONY ECHOLS, JR. was convicted of Possession of a Controlled Substance (Penalty

1

Enhanced), Cocaine, in the District Court in and for Linn
County, Iowa, Criminal No. FECR 049488.

Notice provided pursuant to Title 21, United States Code,
Section 851.

Indictment (docket number 2). On December 12, 2007, Defendant pleaded not guilty to all five counts. Trial was scheduled on February 4, 2008.

A detention hearing was also held on December 12, 2007. During the detention hearing, Assistant United States Attorney Stephanie Rose examined Nathan Juilfs ("Juilfs"), a member of the Cedar Rapids Police Department currently assigned to the DEA Task Force. During direct examination of Juilfs, AUSA Rose asked him:

> Q: Does Mr. Echols have a history of drug convictions?
> A: Yes, he does. He has one felony conviction, and we're checking on another one.
> Q: If he in fact has those two felony convictions, is he subject to a mandatory life term?
> A: Yes, he is.

Government's Exhibit 1 (Detention Hearing Transcript) at 11, lines 4-11.

Six days later, on December 18, 2007, Defendant filed notice of his intent to plead guilty in this matter.[1] On December 21, 2007, the Government filed an Amended Notice of Intent to Seek Enhanced Penalties pursuant to Title 21, United States Code, Section 851. The Government's notice provides in pertinent part:

> Pursuant to 21 U.S.C. § 851, the United States Attorney hereby informs the Court and defendant, JOHN ANTHONY ECHOLS, JR., of its intention to seek enhanced penalties against defendant in the event defendant is convicted on any count of the Indictment. . . . Defendant has two or more "prior conviction(s) for a felony drug offense," to wit:
>
> On or about August 29, 2005, defendant, JOHN ANTHONY ECHOLS, JR., was convicted in the District Court in and for Linn County, Iowa, case number FECR045751, of Gathering

---

[1] See Notice of Intent to Enter Guilty Plea (docket number 8).

> Where Controlled Substances Are Used (Crack Cocaine), a
> Class D felony violation of Iowa Code 204.407.
>
> On or about August 29, 2005, defendant, JOHN ANTHONY
> ECHOLS, JR., was convicted in the District Court in and for
> Linn County, Iowa case number FECR049488, of Possession
> of a Controlled Substance (Penalty Enhanced), a Class D
> felony violation of Iowa Code 124.401(5).
>
> Pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851 and
> 860, the enhanced penalties for the offense set forth in
> **COUNT 1** are: (1) a mandatory sentence of life imprisonment
> without the possibility of parole . . .

Amended Notice of Intent to Seek Enhanced Penalties (docket number 10).

On January 4, 2008, Defendant filed the instant motion requesting that the Court "set aside" the Government's notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851, because the notice was untimely filed. Defendant contends that his rights protected by § 851 and due process rights were violated by the Government's untimely filing. The Government resists Defendant's motion and argues that its intentions under § 851 were timely filed and afforded Defendant the protections intended by the statute.

### *III. ANALYSIS*

21 U.S.C. § 851(a)(1) provides in pertinent part:

> (1) No person who stands convicted of an offense under this
> part shall be sentenced to increased punishment by reason of
> one or more prior convictions, unless before trial, or before
> entry of a plea of guilty, the United States attorney files an
> information with the court (and serves a copy of such
> information on the person or counsel for the person) stating in
> writing the previous convictions to be relied upon.

*Id.* The purpose of notice under § 851 is to comply with constitutional requirements of due process. *United States v. Johnson*, 462 F.3d 815, 823 (8th Cir. 2006) (citing *United States v. Curiale*, 390 F.3d 1075, 1076 (8th Cir. 2004) (per curiam)). "'Congress enacted § 851(a)(1) and the procedure for filing an information to protect defendants from

receiving increased statutory sentences . . . resulting from prior, incorrectly charged offenses . . . and to give defendants the opportunity to show that they were not the persons convicted.'" *United States v. Mooring*, 287 F.3d 725, 727 (Iowa 2002) (quoting *United States v. Wallace*, 895 F.2d 487, 489 (8th Cir. 1990)); *see also United States v. Timley*, 443 F.3d 615, 626 (8th Cir. 2006) (notice under § 851 is sufficient when a defendant receives notice of a prior conviction, is informed of the effect that the conviction will have on his or her maximum sentence, and is given the opportunity to dispute the conviction); *Curiale*, 390 F.3d at 1076 ("The information must give the defendant reasonable notice of the Government's intent to rely on a particular conviction and a meaningful opportunity to be heard."). Furthermore, a defendant is entitled to "'full knowledge of the consequences' of his [or her] prior convictions when making strategic decisions in the course of his [or her] defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial." *Johnson*, 462 F.3d at 823.

Defendant argues that the Government failed to timely file notice under § 851 because the Government filed the § 851 notice three days after he provided notice with the Court and the Government that he intended to plead guilty in this matter. Specifically, Defendant argues:

> If the government is allowed to wait to file a Section 851 notice until *after* a defendant provides notice [of his or her intent to plead guilty,] which will always be prior to the actual plea hearing, it gives the government a significant unfair advantage over defendants. The purpose of Section 851 will be defeated. Defendants will no longer be able to make an informed, strategic decision as to file his/her intent to plead guilty.

Defendant's Reply to Government Resistance (docket number 23) at 6. The Government argues that it timely filed the § 851 notice. The Government points out that, even though it filed the § 851 notice three days after Defendant filed notice of his intention to plead

4

guilty, the § 851 notice was filed six days prior to Defendant's change of plea hearing which was initially scheduled to be held on December 27, 2007.[2]

The Court finds that the Government complied with § 851 and timely filed notice of its intention to seek enhanced penalties due to Defendant's prior drug convictions. A plain reading of § 851 provides that the Government must file an information pertaining to prior convictions "*before entry* of a plea of guilty." 21 U.S.C. § 851(a)(1). In *Curiale*, 390 F.3d at 1075-76, the Eighth Circuit Court of Appeals determined that an information filed on the day of a defendant's plea hearing satisfied the requirements of § 851. Similarly, in the "before trial" context of § 851, the Eighth Circuit found in *United States v. Robinson*, 110 F.3d 1320 (8th Cir. 1997), that filing an information minutes before the beginning of jury selection complies with § 851 and allows a defendant "'ample time to determine whether he [or she] should enter a plea or go to trial, and to plan his [or her] strategy with full knowledge of the consequences of a potential guilty verdict.'" *Id.* at 1327-28 (quoting *United States v. Johnson*, 944 F.2d 396, 407 (8th Cir. 1991)).

Here, Defendant was initially advised in the Indictment that the Government intended to seek enhanced penalties due to one prior drug conviction.[3] Additionally, during his detention hearing, Defendant was also alerted to the possibility that a second prior drug conviction, if confirmed, would lead to further enhanced penalties. The Government filed "amended notice" of its intention to seek enhanced penalties under § 851 based on two prior felony drug convictions six days prior to Defendant's initially scheduled change of plea hearing. The Court concludes that six days is ample time for Defendant to have "'full knowledge of the consequences' of his prior convictions when making strategic decisions in the course of his defense, including whether to challenge the fact of prior conviction or whether to plead guilty or to go to trial." *Johnson*, 462 F.3d at 823. Accordingly, Defendant's Motion to Set Aside Section 851 Notice must be denied.

---

[2] The change of plea hearing has been continued pending the ruling in the instant motion. *See* Order Setting Hearing (docket number 20) filed on January 4, 2008.

[3] *See* Indictment (docket number 2).

The Court is advised that Defendant does not wish to withdraw his notice of intent to plead guilty and, therefore, the plea change hearing will be rescheduled.

### ORDER

IT IS THEREFORE ORDERED as follows:

1. Defendant's Motion to Set Aside Section 851 Notice (docket number 17) is hereby **DENIED**.

2. This matter shall come on for plea change hearing on January 18, 2008 at 10:00 a.m., second floor courtroom, United States District Courthouse, Cedar Rapids, Iowa.

DATED this 15th day of January, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA